1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DARO B. GROSS,

Plaintiff,

v.

JOCELYN MICHELS
STUFFLEBEAN, et al.,

Defendants.

Case No.:  3:22-cv-00195-RBM-DEB

**ORDER (1) GRANTING MOVING DEFENDANTS' MOTION TO DISMISS AND (2) ORDERING PLAINTIFF TO SHOW CAUSE WHY REMAINING DEFENDANTS SHOULD NOT BE DISMISSED**

**[Doc. 16]**

## ORDER RE: MOTION TO DISMISS

### A. Procedural History

On March 4, 2022, Defendants Jocelyn Michels Stufflebean, John Stufflebean, David I. Gross, Mieke Strand, Lauren E. Jones, and Bart Call (the "Moving Defendants") filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Daro B. Gross's ("Plaintiff") complaint (the "MTD"). (Doc. 16.)  The MTD provided for a hearing date of April 27, 2022. (*Id.*)  Pursuant to Civil Local Rule 7.1(e)(2), Plaintiff's opposition to the MTD was due on April 13, 2022.  Plaintiff failed to file a timely opposition to the MTD.

On May 10, 2022, the Court ordered Plaintiff to show cause why the action should

1

not be dismissed for failure to file an opposition.  (Doc. 19.)  The Court granted Plaintiff until May 24, 2022 to file either an opposition to the MTD or a statement of non-opposition. (*Id.* at 2.)  The Court made clear that, "[s]hould Plaintiff fail to file an opposition or a statement of non-opposition to the MTD in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order." (*Id.* (emphasis omitted).)  The time for Plaintiff to file an opposition has (again) come and gone, but Plaintiff has still failed to abide by the Court's order.

**B. Discussion**

The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to respond in accordance with the court's local rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming district court's decision to dismiss pro se plaintiff's claims where, despite being "given ample time to respond," plaintiff failed to timely respond to motion to dismiss").  Here, Civil Local Rule 7.1(f)(3)(c) provides that failure to oppose or otherwise respond to a motion "may constitute a consent to the granting of a motion or other request for ruling by the Court."  Civ. L. R. 7.1(f)(3)(c).

"Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53.  The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that the first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating that the fourth factor always weighs against dismissal).

Upon consideration of the second, third, and fifth *Ghazali* factors, the Court finds that granting the Moving Defendants' MTD is appropriate.  The second *Ghazali* factor weighs in favor of granting the Moving Defendants' MTD.  Despite being given ample

2

1   time to respond to the MTD, including additional time pursuant to the Court's May 10

2   order to show cause, Plaintiff has still failed to file an opposition or a statement of non-

3   opposition.  Plaintiff has not provided any excuse for his failure to file a timely opposition.

4   "The Court must manage its docket to ensure the efficient provision of justice."

5   *Nationwide Agribusiness Ins. Co. v. Yuma Cnty. Water Users Ass'n*, No. 21-cv-78-JLS-

6   AGS, 2021 WL 5203331, at *1 (S.D. Cal. Nov. 9, 2021).  As to the third *Ghazali* factor,

7   the Court finds no risk of prejudice to the Moving Defendants if their MTD is granted.

8   Both the second and third *Ghazali* factors therefore weigh in favor of granting the MTD.

9         As to the fifth *Ghazali* factor, the Court finds that dismissal of the Moving

10   Defendants is appropriate in this instance.  "Where the Plaintiff does not oppose dismissal,

11   it is unnecessary for the Court to consider less drastic alternatives."  *Rodriguez v.*

12   *Nationstar Mortg. LLC*, No. 16-cv-5962-ODW-SK, 2016 WL 4581402, at *1 (C.D. Cal.

13   Sept. 1, 2016).  In any event, the Court previously did consider less drastic alternatives.

14   Plaintiff's opposition to the MTD was due on April 13, 2022.  After Plaintiff failed to

15   timely oppose the MTD or file a statement of non-opposition, the Court issued an order to

16   show cause why the case should not be dismissed.  (Doc. 19.)  The order to show cause

17   gave Plaintiff an additional two weeks to file an opposition or statement of non-opposition,

18   but Plaintiff again failed to respond in a timely fashion.  (*Id.*)  "[A] district court's warning

19   to a party that [its] failure to obey the court's order will result in dismissal can satisfy the

20   'consideration of alternatives' requirement."  *Schmidt v. Washington Newspaper Publ'g*

21   *Co., LLC*, No. 20-cv-00830-BAS-NLS, 2020 WL 3487806, at *3 (S.D. Cal. June 26, 2020)

22   (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22,

23   1992)).

24         The Moving Defendants have also referred the Court to Plaintiff's filing of an earlier

25   action, which was dismissed without prejudice on February 3, 2022 by the Honorable Janis

26   L. Sammartino (the "First Action") for similar reasons.  *See Gross v. Stufflebean*, No. 21-

27   cv-02109-JLS-DEB.  The complaint filed by Plaintiff in the First Action appears identical

28   to the complaint Plaintiff filed here, alleging the same factual allegations and the same

3

1    claims against the same parties. Judge Sammartino dismissed the First Action without

2    prejudice following Plaintiff's failure to respond to a motion to dismiss filed by the Moving

3    Defendants in that case. *See Gross v. Stufflebean*, No. 21-cv-02109-JLS-DEB, 2022 WL

4    327713, *2 (S.D. Cal. Feb. 3, 2022). There, like here, Judge Sammartino gave notice to

5    Plaintiff that no opposition had been filed, but Plaintiff still failed to timely respond. *Id.* at

6    *1. At that time, Judge Sammartino granted Plaintiff leave to file an amended complaint

7    within 28 days of the Court's order. *Id.* at *2. Plaintiff again failed to abide by the Court's

8    Order and did not file an amended complaint. The Court therefore dismissed the action

9    without prejudice and ordered the Clerk to close the case. *See Gross*, No. 21-cv-02109-

10    JLS-DEB, Dkt. 14 (S.D. Cal. Mar. 8, 2022).

11       "Although we construe pleadings liberally in their favor, pro se litigants are bound

12    by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565,

13    567 (9th Cir. 1987)). Plaintiff has been given ample opportunity to prosecute his case

14    against the Moving Defendants, both here and in the First Action. Plaintiff has missed

15    multiple deadlines, including the Court's most recent Order requiring Plaintiff to file an

16    opposition or statement of non-opposition by May 24, 2022. (Doc. 19.)

17       Accordingly, the Moving Defendants' MTD is **GRANTED** and Plaintiff's claims

18    against Defendants Jocelyn Michels Stufflebean, John Stufflebean, David I. Gross, Mieke

19    Strand, Lauren E. Jones, and Bart Call are **DISMISSED WITHOUT PREJUDICE**.

20                               * * *

21                         **ORDER TO SHOW CAUSE**

22       **PLAINTIFF IS CAUTIONED** that the time to properly serve the remaining

23    Defendants (Julie A. Emede, Joseph F. Derrough, and William Hoyt) (the "Remaining

24    Defendants") appears to have expired. *See* FED. R. CIV. P. 4(m) ("If a defendant is not

25    served within 90 days after the complaint is filed, the court—on motion or on its own after

26    notice to the plaintiff—must dismiss the action without prejudice against that defendant or

27    order that service be made within a specified time.").

28       Under Federal Rule of Civil Procedure 4(e), a person may be served "pursuant to the

1   law of the state in which the district court is located." FED. R. CIV. P. 4(e)(1).  Here,

2   Plaintiff filed his case in the Northern District of Texas (*see* Doc. 1), and the case was

3   subsequently transferred to this Court on February 11, 2022. (Doc. 14.)  Under both Texas

4   and California law, however, the Court finds that service by email was insufficient to give

5   the Remaining Defendants notice of this lawsuit.

6           Rule 106(b) of the Texas Rules of Civil Procedure provides for service by email only

7   if the party has first attempted personal service and service by mail. Tex. R. Civ. P. 106(b).

8   If personal service and service by mail are unsuccessful, then a party may file a motion and

9   sworn statement asking the court to authorize service "in any other manner, including

10  electronically by social media, email, or other technology, that the statement or other

11  evidence shows will be reasonably effective to give the defendant notice of the suit." Tex.

12  R. Civ. P. 106(b)(2).  "In determining whether to permit electronic service of process, a

13  court should consider whether the technology actually belongs to the defendant and

14  whether the defendant regularly uses or recently used the technology." *Id.* cmt. to 2020

15  Change.  Courts have authorized service by email "when the record shows (1) diligent

16  efforts to effect traditional service at a physical address and (2) that the defendant has

17  recently communicated using the e-mail address proposed for service." *Selippos Tech.,*

18  *Ltd. v. First Mountain Bancorp*, No. 12-cv-1508, 2013 WL 1181469, at *3 (S.D. Tex. Mar.

19  20, 2013) (collecting cases).

20          California courts "may exercise jurisdiction on any basis not inconsistent with the

21  Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10.  As such,

22  California allows service in any way consistent with due process. *See M. Lowenstein &*

23  *Sons, Inc. v. Superior Ct.*, 145 Cal. Rptr. 814, 816 (Cal. Ct. App. 1978) ("Basically, the

24  only limitation is 'fair play and substantial justice,' the constitutional requirements of due

25  process."), *disapproved of on other grounds in Johnson & Johnson v. Superior Ct.*, 38 Cal.

26  3d 243, 255 n.7 (1985).  The Ninth Circuit has held that, to "comport with constitutional

27  notions of due process," "the method of service crafted by the district court must be

28  'reasonably calculated, under all the circumstances, to apprise interested parties of the

1 | pendency of the action and afford them an opportunity to present their objections.'" *Rio*

2 | *Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (quoting

3 | *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

4 |       Here, under either Texas or California law, service by email was not reasonably

5 | calculated to give notice to the Remaining Defendants. A review of the docket suggests

6 | that Plaintiff effected service on all Defendants by email without either the Court's or the

7 | Defendants' consent. (*See* Doc. 6.) Indeed, in moving for an extension of time to file their

8 | MTD, the Moving Defendants made clear that they were filing their responsive pleading

9 | notwithstanding Plaintiff's improper service and despite their lack of consent to service by

10 | email. (*See* Doc. 8 at 2 n.1 ("Defendants contend the Complaint was not properly served

11 | on any of the Defendants because none of them agreed to accept service by email, which

12 | is the method by which Plaintiff's wife purported to effectuate service.").) There is no

13 | indication that the Remaining Defendants consented to service by email in writing or

14 | otherwise. Although Plaintiff did file proofs of service for the Remaining Defendants (*see*

15 | Doc. 6), there is no accompanying documentation (i.e., a delivery receipt or read receipt)

16 | proving that the emails were received or opened by the Remaining Defendants.

17 |       It is also not clear to the Court that Plaintiff knew the correct email addresses for the

18 | Remaining Defendants, nor does it appear that Plaintiff had previously been in contact with

19 | any of the Remaining Defendants via email. For example, with respect to Defendant

20 | Derrough, Plaintiff appears to have emailed hospicevalley@sutterhealth.org, but it is not

21 | clear to the Court that this email address is connected to Defendant Derrough as opposed

22 | to Sutter Health generally. (Doc. 6 at 3.) With respect to Defendant Emede, Plaintiff

23 | emailed ssprobinfo@scscourt.org and Department13@scscourt.org, which appear to be

24 | email addresses generally associated with California Superior Court, County of Santa

25 | Clara, as opposed to Defendant Emede personally. (*Id.* at 4.) Similarly, for Defendant

26 | Hoyt, Plaintiff emailed hhoyt@losgatosca.gov, which appears to be an email address

27 | generally associated with the city of Los Gatos, California, as opposed to Defendant Hoyt

28 | personally. (*Id.* at 7.)

3:22-cv-00195-RBM-DEB

1   Most importantly, it does not appear that service by email did give actual notice to

2   the Remaining Defendants.   None of the Remaining Defendants have acknowledged

3   receipt of the summons or the complaint, nor have they appeared in the case.  Plaintiff has

4   provided no information that the Remaining Defendants acknowledged receipt of the

5   emails sent by Plaintiff's process server, or that the Remaining Defendants are otherwise

6   aware of this lawsuit. [1]

7   On this record, service by email was not reasonably likely to—and likely did not—

8   give the Remaining Defendants notice of this suit.  *See Hawkins v. Bank of Am., N.A.*, No.

9   17-cv-01954-BAS-AGS, 2018 WL 1616941, at *4 (S.D. Cal. Apr. 4, 2018) (denying

10   request for email service where plaintiff did not communicate with defendant at email

11   address, did not provide documentation showing that email address belonged to defendant,

12   and did not provide any other evidence that defendant regularly communicated from that

13   email address); *First Time Videos, LLC v. FTV Programmgesellschaft MHB*, No. 14-cv-

14   01764-GMN, 2015 WL 5474650, at *2 (D. Nev. Sept. 16, 2015) (service by email not

15   reasonably calculated to provide actual notice where plaintiff did not provide any evidence

16   that it communicated with defendant via email address or any evidence otherwise

17   indicating that email address was current and valid); *Viahart, LLC v. Does 1-54*, No. 18-

18   cv-00604-RWS, 2019 WL 2127307, at *5 (E.D. Tex. May 15, 2019) ("Allowing Plaintiff

19   to effectuate service of process by email, to an address that Plaintiff has not demonstrated

20   is reasonably likely to reach the Defendants, without any confirmation of receipt of the

21   email or verification that the email is valid, is not reasonably calculated to notify each of

22   the 73 Defendants of the pendency of this suit.").  Accordingly, the Court hereby issues an

23   order to show cause, with notice that the Court will dismiss this action as to the Remaining

24

25

26   [1] The Remaining Defendants similarly failed to appear in the First Action, No. 21-cv-
02109-JLS-DEB, before that case was closed by Judge Sammartino due to Plaintiff's
27   failure to file an amended complaint.  Based on a review of the docket in the First Action,
Plaintiff did not file a proof of service with respect to the Remaining Defendants, and it is
28   not clear that the Remaining Defendants had notice of the First Action.

Defendants unless Plaintiff acts in accordance with this Order.

## CONCLUSION

For the reasons outlined above:

1.     The Moving Defendants' Motion to Dismiss (Doc. 16) is **GRANTED** and Plaintiff's claims against Defendants Jocelyn Michels Stufflebean, John Stufflebean, David I. Gross, Mieke Strand, Lauren E. Jones, and Bart Call are **DISMISSED WITHOUT PREJUDICE**.

2.     This **ORDER TO SHOW CAUSE** constitutes **notice to Plaintiff** that the Court will dismiss this action without prejudice as to the Remaining Defendants on **June 15, 2022**, unless, on or before that date, Plaintiff files either: (1) proof that service of the summons and complaint was timely and properly effectuated on each of the Remaining Defendants; or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon them, accompanied by a motion for leave to serve process outside of the 90-day period.

**IT IS SO ORDERED.**

DATE:  June 1, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:22-cv-00195-RBM-DEB